# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| THERESA M. COVINGTON,<br>*Plaintiff* | § § § | |
| v. | § § | CASE NO. 1:24-CV-00442-DII-SH |
| ALLIED UNIVERSAL SECURITY,<br>*Defendant* | § § § | |

### ORDER AND REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE DISTRICT COURT**

Before the Court are Plaintiff Theresa M. Covington's Complaint (Dkt. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), and Application for Permission to File Electronically (Dkt. 3), all filed April 23, 2024. The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for Cases Assigned to Austin Docket II. Dkt. 4.

## I.   Background

Plaintiff Theresa M. Covington, proceeding *pro se*, brings this civil rights action against Defendant Allied Universal Security. Complaint, Dkt. 1. She brings employment discrimination claims under Title VII of the Civil Rights Act of 1964, alleging sex discrimination, age discrimination, and retaliation, and a claim under the Rehabilitation Act of 1973. *Id.* at 1, 3.

## II.   Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she is unable to pay such fees or security. A plaintiff need not be "absolutely destitute to enjoy the benefit of the

1

statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A court's determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria. *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024).

Covington states that she earns $22 per hour and works 40 hours a week for a gross monthly pay of $3,520, and that her monthly expenses total approximately $2,400. Dkt. 2. She states that she currently has a negative balance of $25 in her bank account, no other assets, and debt of $16,000. *Id.* Based on these representations, the Court finds that she cannot pay the filing fee without experiencing undue financial hardship.

Accordingly, the Court **GRANTS** Covington *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Covington is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has reviewed the claims in the Complaint (Dkt. 1) under 28 U.S.C. § 1915(e)(2) and recommends that Covington's lawsuit should be dismissed. Service on Defendant Allied Universal Security should be withheld pending the District Court's review of this recommendation.

### III. Application for Permission to File Electronically

Covington asks the Court to approve her request to become an electronic filing user in the United States District Court for the Western District of Texas. Dkt. 3. Because Covington does not state that she has regular access to all the technical requirements necessary to e-file successfully as marked on the application, the Court **DENIES** Covington's Application for Permission to File Electronically (Dkt. 3).

### IV. Frivolousness Review Under Section 1915(e)(2)

Because Covington has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts also may dismiss complaints as frivolous or malicious "if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff" or duplicate allegations of another pending federal lawsuit by the same plaintiff. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993). A court may find that a lawsuit is duplicative when it "repeats the same factual allegations that [the plaintiff] asserted in his earlier case," even when the plaintiff "successively sued different defendants." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

Covington sues Allied Universal Security under Title VII and the Rehabilitation Act, alleging sex discrimination, age discrimination, and retaliation. Dkt. 1 at 1, 3. Title VII makes it unlawful for an employer to discriminate against an employee because of that employee's "race, color, religion, sex, or national origin" or to retaliate against an employee who opposes or complains of discrimination. 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a). The Rehabilitation Act prohibits

discrimination "against disabled persons in federally assisted programs or activities." *Flynn v. Distinctive Home Care, Inc.*, 812 F.3d 422, 425-26 (5th Cir. 2016) (citation omitted); 29 U.S.C. § 794(a).

Covington alleges that she was sexually assaulted on June 27, 2023, and fired on July 25, 2023. Dkt. 1 at 3. She alleges no other facts as to how Allied Universal Security discriminated against her. Covington also makes no specific factual allegations as to age or disability discrimination.

On the same day Covington filed her Complaint, she first filed a lawsuit against the City of Austin Water Department in this Court, alleging the same facts and asserting the same claims under Title VII and the Rehabilitation Act. *Covington v. City of Austin Water Dep't*, No. 1:24-cv-00441-RP-ML (W.D. Tex. Apr. 23, 2024). The Magistrate Judge ordered Covington to file a more definite statement. *Id.* at Dkt. 5. In her more definite statement, filed May 7, 2024, Covington alleges that she was assaulted by an employee of the City of Austin Water Department on June 27, 2023, and that after she reported the assault, she was reassigned to a new position without training, then fired. *Id.*, Dkt. 6. She also alleges that her supervisor did not inform Allied Universal Security of the assault until after she was reassigned. *Id*.

An action may be dismissed as frivolous or malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation. *Pittman*, 980 F.2d at 994-95; *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989). Courts confronted with a lawsuit duplicative of a pending case ordinarily should "dismiss it in favor of the case that was filed earlier," ensuring that "the plaintiff obtains one bite at the litigation apple—but not more." *Pittman*, 980 F.2d at 995.

The Court finds that this lawsuit is duplicative of her first-filed complaint against the City of Austin Water Department because Covington's claims are based on the same "series of events" and the "same facts," even though she sues a different defendant. *See Walters v. LaSalle Corr. V, LLC*, No. EP-22-CV-00272-KC-ATB, 2023 WL 1991570, at *9-10 (W.D. Tex. Feb. 14, 2023) (quoting *Bailey*, 846 F.2d at 1021) (recommending dismissal of duplicative lawsuit that was "based

4

on the same series of events and near-identical factual allegations"), *R. & R. adopted*, 2023 WL 2771285 (W.D. Tex. Apr. 4, 2023). Therefore, it is frivolous.

Rule 20(a)(2) allows a plaintiff to bring a lawsuit against more than one defendant if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and if "any question of law or fact common to all defendants will arise in the action." If the District Court does not dismiss her lawsuit against the City of Austin Water Department, Covington may amend her complaint to add Allied Universal Security as a defendant in that case by following the procedure in Rule 15.

## V.  Order

The Court **GRANTS** Plaintiff Theresa M. Covington's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **DENIES** her Application for Permission to File Electronically (Dkt. 3).

## VI.  Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** this complaint as frivolous under 28 U.S.C. § 1915(e)(2).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable District Court.

## VII.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the

District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 13, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE